## Bullock, etc. v. Lawrence.

(Decided June 21, 1921.)

Appeal from Rockcastle Circuit Court.

1. Judgment—Boundaries—Pleading.—A judgment which establishes a disputed boundary line according to the uncontroverted averments of the amended petition will be upheld.

2. Damages—Timber.—Because the lower court erred in fixing damages for timber cut, the judgment is reversed so that proper damages may be awarded.

C. C. WILLIAMS for appellant.

BETHURUM & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellant Bullock and appellee Lawrence own adjoining boundaries of land in Rockcastle county on which ther respectively reside. The boundary line between

them is in dispute. The land involved is about three rods wide and eighty rods long and does not exceed two acres in area and it is rather cheap land.

Bullock started in 1917 to cut the timber from the strip in controversy and Lawrence commenced this action to obtain an injunction to prevent Bullock from so doing and to recover damages for the timber already cut. A temporary restraining order was granted by the clerk, and the court on hearing granted Lawrence a perpetual injunction and adjudged him entitled to recover $109.00 in damages for the timber cut.

The correct solution of the case involves the proper location of the property lines between the parties. Two surveyors made plats or maps and testified in the case. If a survey is made by beginning at a point which appellee Lawrence insists is his beginning corner the lines will be located with slight modification as contended by him, but if the survey is begun at a black oak stump claimed by Bullock as the beginning corner of his land and the calls of his deed followed with slight variations the disputed territory will fall to Bullock. If the calls of either deed be faithfully observed the contention of neither party will be supported in whole. Appellee Lawrence's contention involved the extension of the closing line three poles, while the contention of appellant Bullock requires the shortening of the corresponding line three poles. The circuit court decided that Lawrence, the plaintiff below, was the true owner of the strip of land in controversy and enjoined Bullock from taking the timber, and Bullock appeals. Without expressing our view of the correctness of the finding of the lower court if based upon the merits we must affirm the judgment for the reason that the pleadings would not support any other finding.

The petition sufficiently avers ownership of the disputed lands by Lawrence, while the answer traversed in an imperfect way the allegations of the petition. Later an amended petition, setting out the exact controversy and the precise location of the true line between the plaintiff and defendant, was filed. No answer was filed in response to the amended petition. The judgment of the court fixed the line as averred in the amended petition and not controverted by the defendant, Bullock. This was the only judgment the state of the record warranted.

The trial court, however, erred in fixing the damages for timber cut at $109.00 for the highest value fixed by any witness was only $75.00, and even this was not well

proven, if proven at all. We are of opinion the five trees cut were worth forty dollars, and the judgment should go for this sum.

To this extent the judgment is reversed for proceedings consistent with this opinion, but affirmed in all other respects.